May I proceed? Yes. Thank you, Your Honor. May it please the Court, my name is Walter Palmer. I represent Mr. Gilbert, Keith Gilbert, in this appeal. There are two issues that Mr. Gilbert has raised. The first issue concerns the Court's failure to give a request to jury instruction. Mr. Gilbert recognizes that the law in this circuit pursuant to Silvera v. Lockyer is that the right to possess a firearm is not an individual right. However, Mr. Gilbert relies and relied at the district court level on the case of United States v. Emerson for the proposition that it's an individual right and therefore he was entitled to an instruction on that point. The second issue that we raise, Your Honor In your view, in your view, will the case pending before the Supreme Court address the issue in a manner that would tell us one way or the other where Mr. Gilbert stands? I believe it would. The case that Your Honor refers to, District of Columbia v. Heller is scheduled for argument, I believe, next week. And we submit that that will resolve the question as to whether or not the Second Amendment provides an individual or collective right to the possession of firearms. Well, there can be some limitations as to, for example, sawn-off shotguns and other things that might still be capable of restriction even in face of the constitutional amendment. Is that right? I believe that's true, Your Honor. So we don't know whether it's going to answer it or not. I would agree. Thank you. But maybe we should hold to find out? I think that would be wise, just so that we all know what the playing surface is and what the rules are. And certainly, the Supreme Court's decision on it is. Because short of the Supreme Court changing something, we pretty much have got to go with Silvera, and we can't really entertain your Emerson argument at all because we can't overrule our precedent. I agree, Your Honor. I think that's correct. Okay. With regard to the second point, the second issue that's raised, it concerns Mr. Gilbert's testimony on direct examination. The government asserts that the proper standard of review is an abusive discretion standard with a harmless error analysis, and the government argues that Mr. Gilbert's beliefs regarding the Second Amendment or the motivation for why he had these firearms is not relevant, and therefore, it was properly excluded. We submit that the standard should be a de novo standard because the ruling prevented him from putting on a defense. The court in pretrial rulings indicated that it would allow Mr. Gilbert to testify as that line of questioning was objected to, and the court sustained the objection. And we submit that given the fact that the court had made a ruling pretrial that seemed to indicate it allowed that sort of questioning, the sustaining of the objections prevented him from putting on a defense, and therefore, the case should be reversed. Thank you. Okay. Thank you. May it please the Court. My name is Andrew Freedman, and I represent the United States in this case. I believe Your Honor – at this stage, I'm not sure which of Your Honors asked the question whether the court should wait until the case currently pending before the Supreme Court, the Heller case, is resolved. I don't think this Court needs to do it. Certainly, that case will provide some clarification on whether the right to possess firearms is an individual right or a collective right, but I think in this case, it doesn't matter. This case is – this Court is currently bound by the previous panel's decision in Silvera, but whatever the Supreme Court decides in Heller, it's clear that all of the firearms in this case were firearms that would not be protected under the Second Amendment. Emerson and the previous Supreme Court case, Miller, both suggest that none of the firearms at issue in this case would be protected, even if the Second Amendment affords individual rights. In addition, Emerson suggests clearly that a restriction on felons possessing firearms is constitutional, again, whatever the Supreme Court decides. And so I think this Court can decide the case without waiting for the Heller decision. If the Court has other questions, I'd be pleased to address them. Otherwise – What about his belief that he was protected by the Second Amendment? I know in the Internal Revenue Service context, the Cheek case, we've said – or the Supreme Court has told us that if you have a belief that you think something is lawful, that you can be protected. How do we distinguish that? Your Honor, I believe that Cheek and the Supreme – and the tax cases all rely on statutes where a defendant has to willfully violate them in order to be found guilty. So he has to know the law and know that he is violating the law. These statutes, the gun possession statutes, don't have that requirement. The only knowledge required is that the defendant know the characteristics of the gun. For instance, that he know that it's a machine gun. And in this case, Mr. Gilbert testified that he knew that the guns that he possessed included machine guns. He converted some of them to be machine guns. He knew they were short-barreled. And so he has the only knowledge required. He does not have to know that his possession of these guns is unlawful, and so his belief is irrelevant. And so I think it is distinguishable on that basis. If the Court has no further questions, I'll rest on the briefs. Thank you, Your Honor. Okay. Thank you.  Thank you.
judges: Fletcher, McKeown, Paez